JOHN F. BAUM (SBN 148366)
jbaum@hkemploymentlaw.com
CHINA WESTFALL (SBN 300982)
cwestfall@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
505 Montgomery Street 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZZINA WILLIAMS, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware Corporation, and DOES 1 through 50,<br><br>Defendant. | Case No.:<br><br>**DECLARATION OF JOHN F. BAUM IN SUPPORT OF DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL**<br><br>San Francisco Superior Court Case No.: CGC-18-564850<br><br>**Complaint Filed:** March 7, 2018 |

I, John F. Baum, do hereby state and declare as follows:

1. I am an attorney at law duly admitted to practice before the courts of the State of California and before this Court. I am a partner with the law firm of Hirschfeld Kraemer LLP, and counsel of record for Defendant VITAS Healthcare Corporation of California ("Defendant") in the above-captioned matter. The facts set forth in this Declaration are within my own personal knowledge or based on information and belief, and if called as a witness, I could and would competently so testify. I make this Declaration in support of Defendant's Notice of Removal, which is filed concurrently herewith.

2. On or about March 7, 2018, Plaintiff Jazzina Williams ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of San Francisco, entitled *Jazzina Williams, individually and on behalf of those similarly situated v. VITAS Healthcare*

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Corporation of California, a Delaware Corporation,* Case No. CGC-18-564850 ("State Court Action").

3. On March 9, 2018, Plaintiff served Defendant's agent for service of process a copy of the summons and Complaint. A true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit A**.

4. On or about April 4, 2018, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action in the Superior Court of California, County of San Francisco. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 6th day of April, 2018, in San Francisco, California.

John F. Baum

# EXHIBIT

# A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin F. Woodall (SBN 180650)
Woodall Law Offices
100 Pine Street, Suite 1250
San Francisco, CA 94111
TELEPHONE NO.: 415.413.4629 FAX NO.: 866.937.4109
ATTORNEY FOR (Name): Jazzina Williams

FOR COURT USE ONLY

FILED
San Francisco County Superior Court
MAR 07 2018
CLERK OF THE COURT
BY: [signature] Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Jazzina Williams v. Vitas Heathcare Corporation of California et al.

## CIVIL CASE COVER SHEET

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CGC-18-564850
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 2 (violation of the Fair Credit Reporting Act and ICRAA)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/7/18
Kevin Woodall
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware Corporation, and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JAZZINA WILLIAMS, individually and on behalf of those similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-18-564850

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Woodall, 100 Pine Street, Suite 1250, San Francisco, CA 94102

DATE: *(Fecha)* MAR 07 2018 CLERK OF THE COURT Clerk, by *(Secretario)* ____________, Deputy *(Adjunto)*

DE LA VEGA-NAVARRO, Rossaly

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:

| | |
|---|---|
| ☐ CCP 416.10 (corporation) | ☐ CCP 416.60 (minor) |
| ☐ CCP 416.20 (defunct corporation) | ☐ CCP 416.70 (conservatee) |
| ☐ CCP 416.40 (association or partnership) | ☐ CCP 416.90 (authorized person) |
| ☐ other *(specify)*: | |

4. ☐ by personal delivery on *(date)*:

WOODALL LAW OFFICES
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFFS, JAZZINA WILLIAMS AND THOSE SIMILARLY SITUATED

FILED
San Francisco County Superior Court
MAR 07 2018
CLERK OF THE COURT
BY: Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**UNLIMITED JURISDICTION**

CGC-18-564850

| | |
|---|---|
| JAZZINA WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, A DELAWARE CORPORATION, AND DOES 1 THROUGH 10,<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A); 15 U.S.C. § 1681o(a)**<br><br>**2. Violations of the California Investigative Consumer Reporting Agencies Act (California Civ. Code, § 1786, et seq.)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JAZZINA WILLIAMS ("PLAINTIFF"), on behalf of herself and others similarly situated, make the following allegations against Defendant, Vitas Healthcare Corporation of California and Does 1 through 10 ("DEFENDANTS").

## I. NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. PLAINTIFF brings this class action against DEFENDANTS on behalf of herself and all other individuals who applied for employment with DEFENDANTS and executed release and authorization forms provided by DEFENDANTS that purportedly permit DEFENDANTS to procure a consumer report relating to them.

2. Specifically, PLAINTIFF complains that DEFENDANTS have a uniform policy or practice of procuring or causing to be procured an applicant's consumer report and has violated the Fair Credit Reporting Act (the "FCRA") through the use of a facially invalid authorization form that: 1) fails to provide a clear and conspicuous disclosure; and 2) fails to provide a disclosure that appears in a document that consists solely of the disclosure. PLAINTIFF also complains that as to her, DEFENDANTS violated the Investigative Consumer Reporting Agencies Act (the "ICRAA") by procuring or causing to be procured an investigative consumer report with a facially invalid authorization form.

## II. JURISDICTION AND VENUE

3. DEFENDANTS are subject to the Court's personal jurisdiction and have minimal contacts with California and this county. DEFENDANT Vitas Healthcare Corporation of California conducts business by providing home health services to individuals throughout California, and on information and belief, within this county. In addition, venue is proper in this Court under Code of Civil Procedure 395 et seq. because on information and belief, a substantial number of events, obligations, and violations of Class members accrued or occurred in this county, and DEFENDANT does not reside in California. DEFENDANT is a foreign entity registered in Delaware with a principal place of business in Miami, Florida.

## III. PARTIES

4. PLAINTIFF Jazzina Williams is and at all relevant times was a resident of Elk Grove and Sacramento, California. PLAINTIFF applied for employment with DEFENDANTS in or about late April, 2016, continues to remain employed by DEFENDANTS, and continues to be subjected to DEFENDANTS' invalid Background Investigation Authorization and Release forms.

5. PLAINTIFF is informed and believes that DEFENDANT Vitas Healthcare Corporation of California is a Delaware Corporation with its principal place of business in Miami, Florida, which conducts business in California. DEFENDANT Vitas Healthcare Corporation of California has employed PLAINTIFF from in or about late April, 2016 to present.

6. The true names and capacities of the DEFENDANTS named as DOES 1 through 10, inclusive, are presently unknown to PLAINTIFF. PLAINTIFF will amend this Complaint, setting forth the true names and capacities of these fictitious DEFENDANTS when they are ascertained. PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT, directly or indirectly, or through agents or other persons, required PLAINTIFF and other applicants to sign the defective and unlawful background check authorization forms and/or procured or caused to be procured a consumer report based upon the same. PLAINTIFF is informed and believes and thereon alleges that, at all relevant times, each DEFENDANT was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, alter ego, and/or predecessor in interest of some or all of the other DEFENDANTS, and was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for their conduct with respect to the matters alleged below. PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT acted pursuant to and within the scope of the relationships alleged above, that each DEFENDANT knew or should have known about, and authorized,

ratified, adopted, approved, controlled, and aided and abetted the conduct of all other DEFENDANTS.

## IV. GENERAL ALLEGATIONS

7. In or about late April, 2016, PLAINTIFF signed two "Background Investigation Authorization and Release" forms presented to her by DEFENDANTS, which purportedly allowed DEFENDANTS to obtain a consumer report and/or an investigative consumer report through Sterling Infosystems or others. The Background Investigation Authorization and Release forms are unlawful because they include a clause requiring PLAINTIFF to "release from liability all persons, companies and governmental or other agencies disclosing such information."

8. The Background Investigation Authorization and Release forms also contain other unlawful extraneous language other than the disclosure that a consumer report and/or investigative consumer report may be obtained for employment purposes, such as: (1) authorizations to investigate "information as to my employment, education . . . driving record, social security number . . . and/or other public records history" and "any allegations of my involvement in workplace misconduct during my employment at VITAS Healthcare"; (2) question(s) as to whether PLAINTIFF had been convicted or pled guilty to criminal violations; (3) question(s) as to whether PLAINTIFF had ever been sanctioned, disciplined, debarred, and/or excluded by a duly authorized regulatory agency and/or restrictions placed on licenses; (4) a statement that "If I provide any false or misleading information this may result in a refusal to hire or discipline up to and including discharge"; and (5) questions as to PLAINTIFF's race and date of birth.

9. After obtaining PLAINTIFF'S signature on the aforementioned unlawful forms, DEFENDANTS procured or caused to be procured consumer reports and/or investigative consumer reports for PLAINTIFF including, but not limited to, a criminal record report, sex offender report, a social security trace, a FACIS (Fraud and Abuse Control Information System) report identifying wrongful actions of those in the health care field.

10. On information and belief, DEFENDANTS required other applicants and Class members to sign the same or similar unlawful forms as part of their job application, which purportedly allowed DEFENDANTS to procure or cause to be procured consumer reports and/or investigative consumer reports relating to them. On further information and belief, DEFENDANTS did procure or cause to be procured consumer reports and/or investigative consumer reports relating to other applicants and Class members.

## V. CLASS ACTION ALLEGATIONS

11. Pursuant to Code of Civil Procedure § 382 and other applicable authority, PLAINTIFF brings the class action claims, as asserted herein, on behalf of herself and all "all individuals who applied for employment with DEFENDANTS during the applicable statutes of limitation and signed a Background Investigation Authorization and Release form or a substantially identical document, which DEFENDANTS used to procure or cause to be procured a consumer report" (hereinafter, "Class"). PLAINTIFF reserves the right under Code of Civil Procedure § 382 and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

12. PLAINTIFF'S claims, as asserted herein, are brought and may be maintained as a class action under Code of Civil Procedure § 382.

a. **Numerosity**. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to PLAINTIFF at this time, PLAINTIFF is informed and believes and thereon alleges that there are hundreds or thousands of members in the Class.

b. **Commonality**. There are questions of law or fact common to Class members. Indeed, common issues of fact and law predominate over individual issues. These common questions include, but are not limited to, the following:

1. Whether PLAINTIFF and the Class applied for employment positions with DEFENDANTS.
2. Whether PLAINTIFF and the Class signed a Background Investigation

Authorization and Release form or a similar document presented by DEFENDANTS that seeks authorization for a consumer report, which includes a release or other language that does not consist solely of the disclosure.

3. Whether DEFENDANTS used the Background Investigation Authorization and Release form or a similar document to obtain consumer reports for PLAINTIFF and the Class.

4. Whether DEFENDANTS violated 15 U.S.C. § 1681b(b)(2)(A) or other applicable laws or provisions by including a release and/or other language in a consumer report authorization form that does not consist solely of the disclosure [*Syed v. M-I, LLC*, 853 F.3d 492, 493 (9th Cir. 2017)] and procured or caused to be procured a consumer report with the same document.

c. **Typicality.** PLAINTIFF is a members of the Class as alleged herein, and her claims are typical of the claims of the other Class members who PLAINTIFF seeks to represent. PLAINTIFF seeks the same kind of relief sought by other Class members.

d. **Adequate Representation.** PLAINTIFF will adequately and fairly protect the interests of the members of the Class. PLAINTIFF has no interests adverse to the interests of the absent Class members. PLAINTIFF is represented by legal counsel with substantial class action experience in civil litigation and employment law.

13. This case is brought and may be maintained as a class action under Code of Civil Procedure § 382. Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would

require. Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### (By PLAINTIFF, on behalf of herself and the Class)

14. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

15. Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency may furnish a "consumer report", as defined in 15 U.S.C. § 1681a, for employment purposes.

16. Likewise, a consumer report may be used for the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." 15 U.S.C. §1681a(h).

17. The FCRA requires that, before procuring a consumer report on an individual for employment purposes, the employer must: (1) provide a clear and conspicuous disclosure to each applicant in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

18. Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure."

19. Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> ... a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or cause to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

U.S.C. § 1681b(b)(2)(A).

20. On information and belief, PLAINTIFF and Class members signed "Background Investigation Authorization and Release" forms or similar forms presented to them by DEFENDANTS as part of their employment applications, which violate the CFRA because they include more than just a disclosure that a consumer report may be obtained and an authorization in writing. Specifically, the Background Investigation Authorization and Release and presumably other documents contain: (1) a clause requiring the employment applicant to "release from liability all persons, companies and governmental or other agencies disclosing such information"; (2) authorizations to investigate "information as to my employment, education . . . driving record, social security number . . . and/or other public records history" and "any allegations of my involvement in workplace misconduct during my employment at VITAS Healthcare"; (3) question(s) as to whether the applicant had been convicted or pled guilty to criminal violations; (4) question(s) as to whether the applicant had ever been sanctioned, disciplined, debarred, and/or excluded by a duly authorized regulatory agency and/or restrictions placed on licenses; (5) a statement that "If I provide any false or misleading information this may result in a refusal to hire or discipline up to and including discharge"; and (6) questions relating to the applicant's race and date of birth.

21. DEFENDANTS' inclusion of the aforementioned in its Background Investigation Authorization and Release forms and similar documents executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: 1) "clear and conspicuous"; and 2) appear "in a document that consists solely of the disclosure."

22. As a matter of law, DEFENDANTS' inclusion of the aforementioned information invalidates the Background Investigation Authorization and Release form and similar forms for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492 (9th

Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires an employee to sign a form containing a waiver of liability provision as part of a background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different states improper); *Lagos v. The Leland Stanford Junior University*, 2015 U.S. Dist. LEXIS 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence stating "I also understand that nothing herein shall be construed as an offer of employment or contract for services" plausibly violated stand-alone disclosure requirement); *Woods v. Caremark PHC, L.L.C.*, 2015 U.S. Dist. LEXIS 148051 (W.D. Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: 1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, 2) state-specific notices that did not apply to Plaintiff, and 3) that the form was part of a five-page stapled packet of three documents. Where FCRA allegations involve the inclusion of extraneous information beyond an authorization, the complaint meets the 12(b)(6) standard to state a claim for willful violation of the FCRA stand-alone requirement."); *see also* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA).

23. DEFENDANTS used the aforementioned unlawful forms to procure or cause to be procured a consumer report, as defined in 15 U.S.C. § 1681a and FCRA, for PLAINTIFF and Class members.

24. DEFENDANTS acted willfully by requiring employment applicants and employees to sign a facially invalid Background Investigation Authorization and Release and similar documents that were in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

25. DEFENDANTS knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including PLAINTIFF and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

26. On information and belief, DEFENDANTS' conduct was willful because:

a. DEFENDANTS required PLAINTIFF and the Class to execute the Background Investigation Authorization and Release forms and similar forms knowing that they were facially invalid in violation of the FCRA and DEFENDANTS' statutory duties [*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017)];

b. DEFENDANTS acted with reckless disregard of the FCRA requirements and DEFENDANTS' statutory duties when it required PLAINTIFF and the Class to execute the Background Investigation Authorization and Release forms that were facially invalid and in violation of the clear and unambiguous requirements of the FCRA;

c. Upon information and belief, DEFENDANTS were advised by skilled lawyers and other professional employees, and advisors knowledgeable about the FCRA requirements;

d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;

e. The FTC's express statements, pre-dating Defendants' conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

f. On information and belief, DEFENDANTS were advised of its obligations under the FCRA by other companies and

required DEFENDANTS to certify its compliance with the FCRA as required by law.

27. Pursuant to 15 U.S.C. §1681n(a)(1)(A), PLAINTIFF and the Class are entitled to statutory damages due to DEFENDANT'S willful failure to comply with and reckless disregard of the requirements imposed by 15 U.S.C. § 1681b(b)(2)(A), including statutory damages of an amount not less than $100 and not more than $1,000 per violation.

28. PLAINTIFF and the Class seek the recovery of punitive damages for DEFENDANTS' willful violations, in an amount as the Court may allow.

29. Pursuant to 15 U.S.C. § 1681n(a)(3) and other applicable provisions, PLAINTIFF and the Class seek the recovery of costs of suit with reasonable attorneys' fees, as determined by the Court.

**SECOND CAUSE OF ACTION**
**Violation of the California Investigative Consumer Reporting Agencies Act**
**(By PLAINTIFF, on behalf of herself)**

30. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

31. Pursuant to California Civ. Code, § 1786, et seq., a consumer reporting agency may furnish a consumer investigative report for employment purposes.

32. The California Investigative Consumer Reporting Agencies Act ("ICRAA") requires that, before procuring an investigative consumer report on an individual for employment purposes, the employer must comply with all of the following:

(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
(i) An investigative consumer report may be obtained.
(ii) The permissible purpose of the report is identified.
(iii)The disclosure may include information on the consumer's

character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name and address and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(§ 1786.16, subd. (a)(2).)

33. In addition, the person procuring or causing the report to be made must "certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by [section 1786.16, subdivision (a)] and that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).) On information and belief, DEFENDANTS failed to do the same.

34. Subdivision (b) of section 1786.16 also requires the person procuring or causing the investigative consumer report to be made to (1) provide the consumer a form with a box that can be checked if the consumer wishes to receive a copy of the report, and send a copy of the report to the consumer within three business days if the box is checked and (2) comply with section 1786.40 if the person procuring or causing the report to be made contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

35. PLAINTIFF signed "Background Investigation Authorization and Release" forms presented to her by DEFENDANTS, which violate the ICRAA because they

include more than a clear and conspicuous disclosure in writing to the consumer that consists solely of the disclosure and the information permitted in ICRAA, which is set forth above. Specifically, the Background Investigation Authorization and Release forms impermissibly contain: (1) a clause requiring the employment applicant to "release from liability all persons, companies and governmental or other agencies disclosing such information"; (2) authorizations to investigate "information as to my employment, education . . . driving record, social security number . . . and/or other public records history" and "any allegations of my involvement in workplace misconduct during my employment at VITAS Healthcare"; (3) question(s) as to whether PLAINTIFF had been convicted or pled guilty to criminal violations; (4) question(s) as to whether PLAINTIFF had ever been sanctioned, disciplined, debarred, and/or excluded by a duly authorized regulatory agency and/or restrictions placed on licenses; (5) a statement that "If I provide any false or misleading information this may result in a refusal to hire or discipline up to and including discharge"; and (6) questions relating to the applicant's race and date of birth. On information and belief, other applicants for employment signed the same or similar forms presented to them by DEFENDANTS.

36. The Background Investigation Authorization and Release forms also do not contain all information required by ICRAA. In particular, among other things, they do not set forth: (1) the permissible purpose of the report; (2) a statement that "the disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living"; (3) the address and telephone number of the investigative consumer reporting agency conducting the investigation; (4) a box that can be checked if the consumer wishes to receive a copy of the report; and (5) "a summary of the provisions of Section 1786.22". § 1786.16(a)(2)(B)

37. Investigative consumer reports were procured and caused to be procured by DEFENDANTS with the improper Background Investigative Authorization and Release forms, which included information regarding PLAINTIFF'S and other applicants' "character, general reputation, personal characteristics, or mode of living," and thus were

investigative consumer reports within the meaning of § 1786.2 subdivision (c) and DEFENDANTS were required to comply with the applicable provisions of the ICRAA, including § 1786.16.

38. The investigative consumer report(s) were used for employment purposes, as defined in § 1786.2, subdivision (f).

39. Based on the misconduct alleged in this Complaint, DEFENDANTS violated ICRAA.

40. On information and belief, DEFENDANTS acted willfully by requiring PLAINTIFF and other applicants to sign facially invalid Background Investigative Authorization and Release forms that were in direct violation of the clear and unambiguous requirements set forth in § 1786.16, and used the unlawful forms to obtain investigative consumer report(s) relating to PLAINTIFF and other applicants.

41. DEFENDANTS knew or acted with reckless disregard of its statutory duties and the rights of PLAINTIFF and other applicants, knowingly and/or recklessly disregarding its statutory duties.

42. With respect to each of the aforementioned violations of the ICRAA provisions and pursuant to Civ. Code § 1786.50(a)(1), PLAINTIFF is entitled to statutory damages due to DEFENDANTS' failure to comply with the requirements imposed by § 1786.16 of an amount not less than $10,000.

43. PLAINTIFF seeks to recover punitive damages for DEFENDANTS' willful violations, in an amount as the Court may allow.

44. PLAINTIFF seeks the recovery costs of suit and reasonable attorneys' fees, as determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on behalf of herself and the Class, pray for judgment and relief against DEFENDANT as follows:

a. An order certifying that PLAINTIFF may pursue her FCRA claims against DEFENDANT as a class action under Code of Civil Procedure § 382;

b. An order appointing PLAINTIFF as Class representative and appointing PLAINTIFF'S counsel as Class Counsel;

c. For a declaration that DEFENDANTS violated the rights of PLAINTIFF and the Class under the FCRA and/or ICRAA;

d. Pursuant to 15 U.S.C. § 1681n(a)(1)(A) and other applicable provisions of the FCRA, an award of statutory damages to PLAINTIFF and the Class in an amount equal to $1,000 for PLAINTIFF and each member of the Class for DEFENDANTS' willful violations of FCRA;

e. Pursuant to California Civil Code § 1786.50, an award of statutory damages to PLAINTIFF in the amount of $10,000;

f. Pursuant to 15 U.S.C. § 1681n(a)(2) and California Civil Code § 1786.50, an award of punitive damages to PLAINTIFF and the members of the Class in an amount to be determined by the Court;

g. For costs of suit and expenses incurred, including reasonable attorney fees to the extent permitted by law, including pursuant to Civil Code § 1021.5, 15 U.S.C. §1681n(a)(3), Civ. Code § 1786.50 and other applicable authority;

h. For pre- and post-judgment interest, and

i. For such other relief as the Court deems just and proper.

WOODALL LAW OFFICES

DATE: MARCH 7, 2018

BY: ______________________
KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFF, JAZZINA WILLIAMS AND THOSE SIMILARLY SITUATED

CSC

RXT / ALL
Transmittal Number: 17879897
Date Processed: 03/12/2018

# Notice of Service of Process

**Primary Contact:** Dean Robertson Esq.
Vitas Healthcare Corporation
201 S Biscayne Blvd
Ste 400
Miami, FL 33131

**Electronic copy provided to:** Rena Damas

| | |
|---|---|
| **Entity:** | Vitas Healthcare Corporation of California<br>Entity ID Number 1628509 |
| **Entity Served:** | Vitas Healthcare Corporation of California |
| **Title of Action:** | Jazzina Williams Individually and on behalf of those simlarly situated vs. Vitas Healthcare Corporation of California |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Francisco County Superior Court, California |
| **Case/Reference No:** | CGC-18-564850 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/09/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Woodall Law Offices<br>415-413-4629 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# EXHIBIT

# B

JOHN F. BAUM (SBN 148366)
CHINA WESTFALL (SBN 300982)
HIRSCHFELD KRAEMER LLP
505 Montgomery Street 13th Floor
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JAZZINA WILLIAMS, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware Corporation, and DOES 1 through 10,<br><br>Defendant. | Case No.: CGC-18-564850<br><br>**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**Complaint Filed:** March 7, 2018 |

Defendant VITAS Healthcare Corporation of California ("Defendant") hereby responds to Plaintiff Jazzina Williams' ("Plaintiff") Class Action Complaint ("Complaint") in this action as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and every material allegation contained in the Complaint, including but not limited to the allegations that this action may be maintained by Plaintiff as a class action on behalf of other similarly situated individuals. Defendant further generally denies that Plaintiff, or any other individuals on whose behalf this action is allegedly brought, are entitled to declaratory relief, statutory penalties, punitive damages, interest, attorneys' fees or costs, or any other form of legal



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

or equitable relief whatsoever as they have not suffered any damages by reason of any act or omission on Defendant's part. Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute any cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Good Faith Defense)**

2. Plaintiff's claims for damages are barred because Defendant's actions or omissions were in good faith, and Defendant had reasonable grounds for believing that its actions or omissions did not violate any law, statute or regulation.

**THIRD AFFIRMATIVE DEFENSE**

**(No Knowing, Intentional or Willful Acts)**

3. Plaintiff's claims for damages are barred because Defendant did not knowingly, intentionally or willfully commit a violation of any law, statute or regulation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel/Laches/Unclean Hands/Consent/Waiver)**

4. Any recovery on the Complaint and each cause of action alleged therein is barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, consent, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(Compliance With the Law)**

5. As an affirmative defense to each of Plaintiff's causes of action, Defendant avers that any recovery is barred, in whole or in part, because of Defendant's compliance with the underlying relevant law(s). Further, because Defendant's actions comply with the relevant underlying law(s), it did not engage in any unfair, unlawful, or fraudulent conduct with respect to its operations as they relate to Plaintiff and any other individuals on whose behalf this action is allegedly brought.

///



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**SIXTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Negligent, Intentional and/or Bad Faith Conduct)**

6. Plaintiff's claims are barred, in whole or in part, by her negligent, intentional, and/or bad faith conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Sufficiency of Class Action)**

7. As an affirmative defense to Plaintiff's claims, Defendant avers that the Complaint does not state facts sufficient to certify a class pursuant to federal or state law and that this action is not properly brought as a class action against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Adequacy of Representation)**

8. As an affirmative defense to Plaintiff's claims, Defendant avers that the named Plaintiff is not a proper representative of the class she purports to represent and, accordingly, this action is not properly brought as a class action.

**NINTH AFFIRMATIVE DEFENSE**

**(Individual Issues Predominate)**

9. As an affirmative defense to Plaintiff's claims, Defendant avers that Plaintiff cannot maintain this action as a class action because individual issues of liability and damages predominate over common questions of law and fact.

**TENTH AFFIRMATIVE DEFENSE**

**(Individual Actions are Feasible and Superior)**

10. As an affirmative defense to Plaintiff's claims, Defendant avers that Plaintiff cannot maintain this action as a class action because individual actions by purported class members in an alternative forum are feasible and superior to a class action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

11. The Complaint and each cause of action therein are barred by the applicable statutes of limitation.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

12. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to reasonably mitigate, minimize, or avoid the damages alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

13. As an affirmative defense to Plaintiff's prayer for attorneys' fees, Defendant avers that Plaintiff has failed to state facts sufficient to recover attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

14. Any recovery on the cause of action alleged in the Complaint is barred, in whole or in part, because Plaintiff has an adequate remedy at law for the injuries alleged.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

15. Any recovery on the cause of action is barred in whole or in part because the recovery by Plaintiff, or the individuals on whose behalf Plaintiff seeks relief, if any, must be offset by any benefits she/he/they has/have received.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure Include Party Needed for Just Adjudication)**

16. Plaintiff has failed to include Sterling Infosystems as a defendant in the litigation whose presence is needed for just adjudication.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutionally Excessive)**

17. Plaintiff and the employees she seeks to represent are not entitled to any punitive damages such that they are disproportionate to any damage or loss incurred as a result of Defendant's conduct, and therefore are unconstitutional under the United States Constitution and the California Constitution.

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Right to Raise Additional Defenses)**

18. The Complaint fails to state the bases of the underlying claims made against Defendant with sufficient particularity so as to enable Defendant to determine all of its defenses thereto. Therefore, Defendant reserves the right to assert all applicable defenses to the Complaint once the specific bases of such claims are determined through discovery or otherwise.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant prays for judgment on the Complaint and against Plaintiff as follows:

1. That Plaintiff take nothing by her Complaint against Defendant, and that judgment be entered in favor of Defendant on each of Plaintiff's causes of action;

2. That Defendant recovers the costs of suit herein;

3. That Defendant be awarded reasonable attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: April 04, 2018

HIRSCHFELD KRAEMER LLP

By:______________________________
John F. Baum
China Westfall
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street 13th Floor, San Francisco, California 94111. On April 4, 2018, I served the following document(s) by the method indicated below:

**DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 4, 2018, I caused to be served via messenger the above-listed documents.

☐ by personally **delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☒ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

***Attorneys for Plaintiff:***
Kevin Woodall, Esq.
WOODALL LAW OFFICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
Phone: (415) 413-4629
Fax: (866) 937-4109
Email: kevin@kwoodalllaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 4, 2018, at San Francisco, California.

Cheri McCaffrey

Cheri McCaffrey

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 505 Montgomery Street 13th Floor, San Francisco, California 94111. On April 6, 2018, I served the following document(s) by the method indicated below:

**DECLARATION OF JOHN F. BAUM IN SUPPORT OF DEFENDANT VITAS HEALTHCARE CORPORATION OF CALIFORNIA'S NOTICE OF REMOVAL**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On April 6, 2018, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

***Attorneys for Plaintiff:***

Kevin Woodall, Esq.
WOODALL LAW OFFICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
Phone: (415) 413-4629
Fax: (866) 937-4109
Email: kevin@kwoodalllaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on April 6, 2018 at San Francisco, California.

Cheri McCaffrey

Cheri McCaffrey

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO