**WOODALL LAW OFFICES**
100 PINE STREET, SUITE 1250
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 413-4629
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFFS, JAZZINA WILLIAMS AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JAZZINA WILLIAMS, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, A DELAWARE CORPORATION, VITAS HEALTHCARE CORPORATION, A DELAWARE CORPORATION, AND DOES 1 THROUGH 9,<br><br>DEFENDANTS. | CASE NO. 4:18-CV-02096 JSW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. **Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A); 15 U.S.C. § 1681o(a)**<br><br>2. **Violations of the California Investigative Consumer Reporting Agencies Act (California Civ. Code, § 1786, et seq.)**<br><br>**JURY TRIAL DEMANDED** |

1  Plaintiff, JAZZINA WILLIAMS ("PLAINTIFF"), on behalf of herself and others
2  similarly situated, make the following allegations against Defendants, Vitas Healthcare
3  Corporation of California, Vitas Healthcare Corporation, and Does 1 through 9
4  ("DEFENDANTS").

## I.   NATURE OF ACTION AND INTRODUCTORY STATEMENT

6  1.   PLAINTIFF brings this class action against DEFENDANTS on behalf of
7  herself and all other individuals who applied for employment with DEFENDANTS
8  and/or executed release and authorization forms provided by DEFENDANTS that
9  purportedly permit DEFENDANTS to procure a consumer report relating to them.

10  2.   Specifically, PLAINTIFF complains that DEFENDANTS have a uniform
11  policy or practice of procuring or causing to be procured an applicant's consumer report
12  and has violated the Fair Credit Reporting Act (the "FCRA") through the use of a facially
13  invalid authorization form that: 1) fails to provide a clear and conspicuous disclosure; and
14  2) fails to provide a disclosure that appears in a document that consists solely of the
15  disclosure.  PLAINTIFF also complains that as to her, DEFENDANTS violated the
16  Investigative Consumer Reporting Agencies Act (the "ICRAA") by procuring or causing
17  to be procured an investigative consumer report with a facially invalid authorization
18  form.

## II.   JURISDICTION AND VENUE

20  3.   DEFENDANTS are subject to the Court's personal jurisdiction and have
21  minimal contacts with California and this county.  On information and belief,
22  DEFENDANT Vitas Healthcare Corporation of California and Vitas Healthcare
23  Corporation conduct business by providing home health services and other healthcare
24  services to individuals throughout California, and on information and belief, within this
25  county.  In addition, venue is proper under Code of Civil Procedure 395 et seq. and other
26  applicable rules because on information and belief, a substantial number of events,
27  obligations, and violations of Class members accrued or occurred in  San Francisco
28  county, and DEFENDANTS do not reside in California.  DEFENDANT Vitas Healthcare

1  Corporation of California is a foreign entity registered in Delaware with a principal place
2  of business in Miami, Florida.  DEFENDANT Vitas Healthcare Corporation has a
3  principal place of business in Miami, Florida.

### III.   PARTIES

4.   PLAINTIFF Jazzina Williams is and at all relevant times was a resident of Elk Grove and Sacramento, California.  PLAINTIFF applied for employment with DEFENDANTS in or about late April, 2016, continues to remain employed by DEFENDANTS, and continues to be subjected to DEFENDANTS' invalid Background Investigation Authorization and Release forms.

5.   PLAINTIFF is informed and believes that DEFENDANT Vitas Healthcare Corporation of California is a Delaware Corporation with its principal place of business in Miami, Florida, which conducts business in California.  DEFENDANT Vitas Healthcare Corporation of California has employed PLAINTIFF from in or about late April, 2016 to present.

6.   PLAINTIFF is informed and believes that DEFENDANT Vitas Healthcare Corporation is incorporated in Delaware, its principal place of business is located in Miami, Florida and it conducts business in California and various other states.  PLAINTIFF is further informed and believes that DEFENDANT Vitas Healthcare Corporation is the parent of DEFENDANT Vitas Healthcare Corporation of California and other entities and is responsible for the conduct alleged herein throughout the United States.

7.   The true names and capacities of the DEFENDANTS named as DOES 1 through 9, inclusive, are presently unknown to PLAINTIFF.  PLAINTIFF will amend this Complaint, setting forth the true names and capacities of these fictitious DEFENDANTS when they are ascertained.  PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT, directly or indirectly, or through agents or other persons, required PLAINTIFF and other applicants to sign the defective and unlawful background check authorization forms and/or procured or caused to be procured a

1 consumer report based upon the same.  PLAINTIFF is informed and believes and thereon
2 alleges that, at all relevant times, each DEFENDANT was the principal, agent, partner,
3 joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent
4 corporation, successor in interest, alter ego, and/or predecessor in interest of some or all
5 of the other DEFENDANTS, and was engaged with some or all of the other
6 DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some
7 or all of the other DEFENDANTS so as to be liable for their conduct with respect to the
8 matters alleged below.  PLAINTIFF is informed and believes and thereon alleges that
9 each DEFENDANT acted pursuant to and within the scope of the relationships alleged
10 above, that each DEFENDANT knew or should have known about, and authorized,
11 ratified, adopted, approved, controlled, and aided and abetted the conduct of all other
12 DEFENDANTS.

### IV.   GENERAL ALLEGATIONS

8. In or about late April, 2016, PLAINTIFF signed two "Background Investigation Authorization and Release" forms presented to her by DEFENDANTS, which purportedly allowed DEFENDANTS to obtain a consumer report and/or an investigative consumer report through Sterling Infosystems or others.  The Background Investigation Authorization and Release forms are unlawful because they include a clause requiring PLAINTIFF to "release from liability all persons, companies and governmental or other agencies disclosing such information."

9. The Background Investigation Authorization and Release forms also contain other unlawful extraneous language other than the disclosure that a consumer report and/or investigative consumer report may be obtained for employment purposes, such as: (1) authorizations to investigate "information as to my employment, education . . . driving record, social security number . . . and/or other public records history" and "any allegations of my involvement in workplace misconduct during my employment at VITAS Healthcare"; (2) question(s) as to whether PLAINTIFF had been convicted or pled guilty to criminal violations; (3) question(s) as to whether PLAINTIFF had ever

4
FIRST AMENDED CLASS ACTION COMPLAINT

been sanctioned, disciplined, debarred, and/or excluded by a duly authorized regulatory agency and/or restrictions placed on licenses; (4) a statement that "If I provide any false or misleading information this may result in a refusal to hire or discipline up to and including discharge"; and (5) questions as to PLAINTIFF's race and date of birth.

10. After obtaining PLAINTIFF'S signature on the aforementioned unlawful forms, DEFENDANTS procured or caused to be procured consumer reports and/or investigative consumer reports for PLAINTIFF including, but not limited to, a criminal record report, sex offender report, a social security trace, a FACIS (Fraud and Abuse Control Information System) report identifying wrongful actions of those in the health care field.

11. On information and belief, DEFENDANTS required other applicants and Class members to sign the same or similar unlawful forms as part of their job application, which purportedly allowed DEFENDANTS to procure or cause to be procured consumer reports and/or investigative consumer reports relating to them. On further information and belief, DEFENDANTS did procure or cause to be procured consumer reports and/or investigative consumer reports relating to other applicants and Class members.

## V.   CLASS ACTION ALLEGATIONS

12. Pursuant to Code of Civil Procedure § 382 and other applicable authority, PLAINTIFF brings the class action claims, as asserted herein, on behalf of herself and all "all individuals who applied for employment with DEFENDANTS during the applicable statutes of limitation and/or signed a Background Investigation Authorization and Release form or a substantially identical document, which DEFENDANTS used to procure or cause to be procured a consumer report" (hereinafter, "Class"). PLAINTIFF reserves the right under Code of Civil Procedure § 382 and other applicable authority to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

13. PLAINTIFF'S claims, as asserted herein, are brought and may be maintained as a class action under Code of Civil Procedure § 382 and other applicable

authority.

a. **Numerosity**. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown to PLAINTIFF at this time, PLAINTIFF is informed and believes and thereon alleges that there are hundreds or thousands of members in the Class.

b. **Commonality**. There are questions of law or fact common to Class members. Indeed, common issues of fact and law predominate over individual issues. These common questions include, but are not limited to, the following:

   1. Whether PLAINTIFF and the Class applied for employment positions with DEFENDANTS.

   2. Whether PLAINTIFF and the Class signed a Background Investigation Authorization and Release form or a similar document presented by DEFENDANTS that seeks authorization for a consumer report, which includes a release or other language that does not consist solely of the disclosure.

   3. Whether DEFENDANTS used the Background Investigation Authorization and Release form or a similar document to obtain consumer reports for PLAINTIFF and the Class.

   4. Whether DEFENDANTS violated 15 U.S.C. § 1681b(b)(2)(A) or other applicable laws or provisions by including a release and/or other language in a consumer report authorization form that does not consist solely of the disclosure [*Syed v. M-I, LLC*, 853 F.3d 492, 493 (9th Cir. 2017)] and procured or caused to be procured a consumer report with the same document.

c. **Typicality.** PLAINTIFF is a members of the Class as alleged herein, and her claims are typical of the claims of the other Class members who PLAINTIFF seeks to represent. PLAINTIFF seeks the same kind of relief sought by other Class members.

d. **Adequate Representation.** PLAINTIFF will adequately and fairly protect the

interests of the members of the Class.  PLAINTIFF has no interests adverse to the interests of the absent Class members.  PLAINTIFF is represented by legal counsel with substantial class action experience in civil litigation and employment law.

14. This case is brought and may be maintained as a class action under Code of Civil Procedure § 382 and other applicable rules.  Questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual Class members to seek and obtain relief.  A class action will serve an important public interest by permitting employees harmed by DEFENDANT'S unlawful practices to effectively pursue recovery of the sums owed to them.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Fair Credit Reporting Act**
**(By PLAINTIFF, on behalf of herself and the Class)**

15. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

16. Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency may furnish a "consumer report", as defined in 15 U.S.C. § 1681a, for employment purposes.

17. Likewise, a consumer report may be used for the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." 15 U.S.C. §1681a(h).

18. The FCRA requires that, before procuring a consumer report on an

7
FIRST AMENDED CLASS ACTION COMPLAINT

individual for employment purposes, the employer must: (1) provide a clear and conspicuous disclosure to each applicant in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

19. Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure."

20. Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> … a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or cause to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

U.S.C. § 1681b(b)(2)(A).

21. On information and belief, PLAINTIFF and Class members signed "Background Investigation Authorization and Release" forms or similar forms presented to them by DEFENDANTS as part of their employment applications, which violate the CFRA because they include more than just a disclosure that a consumer report may be obtained and an authorization in writing. Specifically, the Background Investigation Authorization and Release and presumably other documents contain: (1) a clause requiring the employment applicant to "release from liability all persons, companies and governmental or other agencies disclosing such information"; (2) authorizations to investigate "information as to my employment, education . . . driving record, social security number . . . and/or other public records history" and "any allegations of my involvement in workplace misconduct during my employment at VITAS Healthcare"; (3) question(s) as to whether the applicant had been convicted or pled guilty to criminal violations; (4) question(s) as to whether the applicant had ever been sanctioned, disciplined, debarred, and/or excluded by a duly authorized regulatory agency and/or

1  restrictions placed on licenses; (5) a statement that "If I provide any false or misleading
2  information this may result in a refusal to hire or discipline up to and including
3  discharge"; and (6) questions relating to the applicant's race and date of birth.

4      22.    DEFENDANTS' inclusion of the aforementioned in its Background
5  Investigation Authorization and Release forms and similar documents executed by
6  applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the
7  disclosure be: 1) "clear and conspicuous"; and 2) appear "in a document that consists
8  solely of the disclosure."

9      23.    As a matter of law, DEFENDANTS' inclusion of the aforementioned
10 information invalidates the Background Investigation Authorization and Release form
11 and similar forms for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492 (9th
12 Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires
13 an employee to sign a form containing a waiver of liability provision as part of a
14 background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-
15 71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc*.,
16 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different
17 states improper); *Lagos v. The Leland Stanford Junior University,* 2015 U.S. Dist. LEXIS
18 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence
19 stating "I also understand that nothing herein shall be construed as an offer of
20 employment or contract for services" plausibly violated stand-alone disclosure
21 requirement); *Woods v. Caremark PHC, L.L.C*., 2015 U.S. Dist. LEXIS 148051 (W.D.
22 Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in
23 its Authorization Form for Consumer Reports is: 1) an overbroad authorization for third
24 parties to provide information to Defendant and its consumer reporting agency, 2) state-
25 specific notices that did not apply to Plaintiff, and 3) that the form was part of a five-page
26 stapled packet of three documents. Where FCRA allegations involve the inclusion of
27 extraneous information beyond an authorization, the complaint meets the 12(b)(6)
28 standard to state a claim for willful violation of the FCRA stand-alone requirement."); *see*

1  *also* Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n
2  to Richard W. Hauxwekk, CEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756
3  (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the
4  FCRA).

24. DEFENDANTS used the aforementioned unlawful forms to procure or cause to be procured a consumer report, as defined in 15 U.S.C. § 1681a and FCRA, for PLAINTIFF and Class members.

25. DEFENDANTS acted willfully by requiring employment applicants and employees to sign a facially invalid Background Investigation Authorization and Release and similar documents that were in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

26. DEFENDANTS knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including PLAINTIFF and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

27. On information and belief, DEFENDANTS' conduct was willful because:

   a. DEFENDANTS required PLAINTIFF and the Class to execute the Background Investigation Authorization and Release forms and similar forms knowing that they were facially invalid in violation of the FCRA and DEFENDANTS' statutory duties [*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017)];

   b. DEFENDANTS acted with reckless disregard of the FCRA requirements and DEFENDANTS' statutory duties when it required PLAINTIFF and the Class to execute the Background Investigation Authorization and Release forms that were facially invalid and in violation of the clear and unambiguous requirements of the FCRA;

   c. Upon information and belief, DEFENDANTS were advised

10
FIRST AMENDED CLASS ACTION COMPLAINT

        by skilled lawyers and other professional employees, and advisors knowledgeable about the FCRA requirements;

    d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;

    e. The FTC's express statements, pre-dating Defendants' conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

    f. On information and belief, DEFENDANTS were advised of its obligations under the FCRA by other companies and required DEFENDANTS to certify its compliance with the FCRA as required by law.

28. Pursuant to 15 U.S.C. §1681n(a)(1)(A), PLAINTIFF and the Class are entitled to statutory damages due to DEFENDANTS' willful failure to comply with and reckless disregard of the requirements imposed by 15 U.S.C. § 1681b(b)(2)(A), including statutory damages of an amount not less than $100 and not more than $1,000 per violation.

29. PLAINTIFF and the Class seek the recovery of punitive damages for DEFENDANTS' willful violations, in an amount as the Court may allow.

30. Pursuant to 15 U.S.C. § 1681n(a)(3) and other applicable provisions, PLAINTIFF and the Class seek the recovery of costs of suit with reasonable attorneys' fees, as determined by the Court.

### SECOND CAUSE OF ACTION
### Violation of the California Investigative Consumer Reporting Agencies Act
### (By PLAINTIFF, on behalf of herself)

31. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

32. Pursuant to California Civ. Code, § 1786, et seq., a consumer reporting agency may furnish a consumer investigative report for employment purposes.

33. The California Investigative Consumer Reporting Agencies Act ("ICRAA") requires that, before procuring an investigative consumer report on an individual for employment purposes, the employer must comply with all of the following:

> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>   (i) An investigative consumer report may be obtained.
>   (ii) The permissible purpose of the report is identified.
>   (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
>   (iv) Identifies the name and address and telephone number of the investigative consumer reporting agency conducting the investigation.
>   (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
>   (vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.
> (C) The consumer has authorized in writing the procurement of the report.

(§ 1786.16, subd. (a)(2).)

34. In addition, the person procuring or causing the report to be made must "certify to the investigative consumer reporting agency that the person has made the

1  applicable disclosures to the consumer required by [section 1786.16, subdivision (a)] and
2  that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).)  On
3  information and belief, DEFENDANTS failed to do the same.

4      35.    Subdivision (b) of section 1786.16 also requires the person procuring or
5  causing the investigative consumer report to be made to (1) provide the consumer a form
6  with a box that can be checked if the consumer wishes to receive a copy of the report, and
7  send a copy of the report to the consumer within three business days if the box is checked
8  and (2) comply with section 1786.40 if the person procuring or causing the report to be
9  made contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

10      36.    PLAINTIFF signed "Background Investigation Authorization and Release"
11  forms presented to her by DEFENDANTS, which violate the ICRAA because they
12  include more than a clear and conspicuous disclosure in writing to the consumer that
13  consists solely of the disclosure and the information permitted in ICRAA, which is set
14  forth above.  Specifically, the Background Investigation Authorization and Release forms
15  impermissibly contain: (1) a clause requiring the employment applicant to "release from
16  liability all persons, companies and governmental or other agencies disclosing such
17  information"; (2) authorizations to investigate "information as to my employment,
18  education . . . driving record, social security number . . . and/or other public records
19  history" and "any allegations of my involvement in workplace misconduct during my
20  employment at VITAS Healthcare"; (3) question(s) as to whether PLAINTIFF had been
21  convicted or pled guilty to criminal violations; (4) question(s) as to whether PLAINTIFF
22  had ever been sanctioned, disciplined, debarred, and/or excluded by a duly authorized
23  regulatory agency and/or restrictions placed on licenses; (5) a statement that "If I provide
24  any false or misleading information this may result in a refusal to hire or discipline up to
25  and including discharge"; and (6) questions relating to the applicant's race and date of
26  birth.  On information and belief, other applicants for employment signed the same or
27  similar forms presented to them by DEFENDANTS.
28      37.    The Background Investigation Authorization and Release forms also do not

1  contain all information required by ICRAA.  In particular, among other things, they do
2  not set forth: (1) the permissible purpose of the report; (2) a statement that "the disclosure
3  may include information on the consumer's character, general reputation, personal
4  characteristics, and mode of living"; (3) the address and telephone number of the
5  investigative consumer reporting agency conducting the investigation; (4) a box that can
6  be checked if the consumer wishes to receive a copy of the report; and (5) "a summary of
7  the provisions of Section 1786.22".  § 1786.16(a)(2)(B)

8      38.    Investigative consumer reports were procured and caused to be procured by
9  DEFENDANTS with the improper Background Investigative Authorization and Release
10 forms, which included information regarding PLAINTIFF'S and other applicants'
11 "character, general reputation, personal characteristics, or mode of living," and thus were
12 investigative consumer reports within the meaning of § 1786.2 subdivision (c) and
13 DEFENDANTS were required to comply with the applicable provisions of the ICRAA,
14 including § 1786.16.

15     39.    The investigative consumer report(s) were used for employment purposes,
16 as defined in § 1786.2, subdivision (f).

17     40.    Based on the misconduct alleged in this Complaint, DEFENDANTS
18 violated ICRAA.

19     41.    On information and belief, DEFENDANTS acted willfully by requiring
20 PLAINTIFF and other applicants to sign facially invalid Background Investigative
21 Authorization and Release forms that were in direct violation of the clear and
22 unambiguous requirements set forth in § 1786.16, and used the unlawful forms to obtain
23 investigative consumer report(s) relating to PLAINTIFF and other applicants.

24     42.    DEFENDANTS knew or acted with reckless disregard of its statutory
25 duties and the rights of PLAINTIFF and other applicants, knowingly and/or recklessly
26 disregarding its statutory duties.

27     43.    With respect to each of the aforementioned violations of the ICRAA
28 provisions and pursuant to Civ. Code § 1786.50(a)(1), PLAINTIFF is entitled to statutory

1  damages due to DEFENDANTS' failure to comply with the requirements imposed by §
2  1786.16 of an amount not less than $10,000.
3      44.    PLAINTIFF seeks to recover punitive damages for DEFENDANTS' willful
4  violations, in an amount as the Court may allow.
5      45.    PLAINTIFF seeks the recovery costs of suit and reasonable attorneys' fees,
6  as determined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, on behalf of herself and the Class, pray for judgment and relief against DEFENDANTS as follows:

a. An order certifying that PLAINTIFF may pursue her FCRA claims against DEFENDANTS as a class action under Code of Civil Procedure § 382;

b. An order appointing PLAINTIFF as Class representative and appointing PLAINTIFF'S counsel as Class Counsel;

c. For a declaration that DEFENDANTS violated the rights of PLAINTIFF and the Class under the FCRA and/or ICRAA;

d. Pursuant to 15 U.S.C. § 1681n(a)(1)(A) and other applicable provisions of the FCRA, an award of statutory damages to PLAINTIFF and the Class in an amount equal to $1,000 for PLAINTIFF and each member of the Class for DEFENDANTS' willful violations of FCRA;

e. Pursuant to California Civil Code § 1786.50, an award of statutory damages to PLAINTIFF in the amount of $10,000;

f. Pursuant to 15 U.S.C. § 1681n(a)(2) and California Civil Code § 1786.50, an award of punitive damages to PLAINTIFF and the members of the Class in an amount to be determined by the Court;

g. For costs of suit and expenses incurred, including reasonable attorney fees to the extent permitted by law, including pursuant to Civil Code § 1021.5, 15 U.S.C. §1681n(a)(3), Civ. Code § 1786.50 and other applicable authority;

h. For pre- and post-judgment interest, and

      i.    For such other relief as the Court deems just and proper.

DATE:   M<small>AY</small> 23, 2018                               WOODALL LAW OFFICES

                                                       B<small>Y</small>:   /S/K<small>EVIN</small> F. W<small>OODALL</small>
                                                                  K<small>EVIN</small> F. W<small>OODALL</small>
A<small>TTORNEYS FOR</small> P<small>LAINTIFF</small>, J<small>AZZINA</small> W<small>ILLIAMS AND THOSE SIMILARLY</small> S<small>ITUATED</small>